13 DEC 23 AM 11: 45

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY
CASE NO.: 8:13-cv-3212-T-33TBM

ALTERRA AMERICA INSURANCE
COMPANY a/s/o Kloeckner Metals
Corporation,

    Plaintiff,

-vs-

HYUNDAI MERCHANT MARINE CO,
LTD., PORTS AMERICA TAMPA LLC, and
STAR EPSILON LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Alterra America Insurance Company a/s/o Kloecker Metals Corporation, sues Defendants, Hyundai Merchant Marine Co Ltd, ("HMM") Ports America Tampa LLC ("Ports America"), and Star Epsilon LLC, as follows:

### INTRODUCTION

1. This is an Admiralty action for breach of carrier duties under the U.S. Carriage of Goods by Sea Act and the maritime contract of carriage in the amount of $37,429.33, for damage to a shipment of steel pipe ("the Goods"), from Thailand to Tampa, Florida.

### PARTIES

2. Plaintiff, Alterra America Insurance Company a/s/o Kloecker Metals Corporation ("AAIC") is a Virginia corporation with an office and place of business located at 1185 Avenue of the Americas, New York, NY 10036.



3. AAIC is the subrogated marine cargo insurance underwriter for the Goods that are the subject of this case, and is a real party in interest.

4. Defendant HMM is a foreign corporation based in South Korea, engaged in the common carriage of goods by water for hire between various foreign and domestic ports, including Port of Tampa, and was at all material times the Carrier of the Goods at issue, and issuer of Bills of Lading no. HDMUKOOTP2820160 – 216 dated March 30, 2012, covering the transportation of the Goods from Thailand to Tampa, Florida.

5. Defendant, Ports America, is a Florida limited liability company with offices at 2510 Guy N. Verger Boulevard, Tampa Florida, at all times material in the business of a stevedoring company that unloaded, handled and stored the Goods at issue.

6. Defendant, Star Epsilon LLC is a foreign corporation with offices at 40 Agiou Konstantinou Street, Marousi, 151 24 Athens, GREECE, and was at all times material the registered owner of the M/V "Star Epsilon," ("the Vessel").

7. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the Goods which are the subject of this case, as their respective interests may ultimately appear, and plaintiff is entitled to bring and maintain this case.

## JURISDICTION

8. The Court has jurisdiction over this action pursuant to the Constitutional grant of admiralty and maritime jurisdiction (Article 3, Section 2 of the Constitution of the United States), 28 U.S.C. section 1333 and Rule 9 (h), Federal Rules of Civil Procedure. The Court also has pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim.

## VENUE

9. Venue is proper in this Court because the Bill of Lading at issue calls for carriage of the Goods to the Port of Tampa, the Goods at issue were carried to, discharged, handled and stored at the Port of Tampa, and/or Defendants do business in and/or have offices and/or agents in Tampa, Florida.

## FACTS

10. On or about March 30, 2012, HMM Co was tendered, and HMM accepted into its care, custody and control, a consignment of 3759 bundles of steel pipe ("the Goods") for transport from Thailand to Tampa, Florida.

11. The Goods were in good order and condition at the time of their tender to and acceptance by HMM into its care, custody and control for transport.

12. On or about March 30, 2012, in consideration of an agreed, prepaid freight rate, HMM issued its Bills of Lading No. HDMUKOOTP2820160 - 216 (the "Bills of Lading") covering the transportation of the Goods from Kohsichang, Thailand, to Tampa, Florida.

13. On or about March 30, 2012, HMM loaded the Goods clean on board the Vessel M/V STAR EPSILON at Kohsichang, Thailand for ocean transport.

14. On or about June 12, 2012- June 13, 2012 the Goods were discharged from the Vessel in Tampa, Florida whereupon the Goods were found to be in damaged condition and not in the same good order and condition as when tendered to and accepted by HMM Co.

15. Plaintiff's assured, Kloeckner Metals Corporation, formerly known as Macsteel Service Centers USA, was at all times material the owner of and had an insurable interest in the goods at issue herein and is a "Merchant" for purposes of the HMM bill of lading.

16.     AAIC paid a claim presented to it by its insured, for the damage to the Goods under Policy No. MAXA40MC0001843 and, as a result, is subrogated to all rights and interests of its insured and is a real party in interest and is entitled to recover for the damage to the Goods.

## FIRST CAUSE OF ACTION

17.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth in paragraphs 1 to 16, inclusively.

18.     Defendants HMM and Star Epsilon LLC, as carriers, had duties under the Bills of Lading and the U.S. Carriage of Goods by Sea Act ("COGSA") to properly and carefully load, handle, stow, carry, keep, care for, and discharge the Goods carried in the same good order and condition as when tendered and accepted at Kohsichang, Thailand.

19.     Defendants HMM and Star Epsilon LLC, as carriers, breached their duties to properly and carefully load, handle, stow, carry, keep, care for, and discharge the Goods carried in the same good order and condition as when tendered and accepted at Kohsichang, Thailand.

20.     Defendants HMM and Star Epsilon LLC, as carriers, had duties under the Bills of Lading and COGSA to exercise due diligence to make and keep the Vessel seaworthy, properly man, equip, and supply the Vessel, and make all parts of the Vessel carrying goods fit and safe for their reception, carriage and preservation.

21.     Defendants HMM and Star Epsilon LLC, as carriers, breached their duties to exercise due diligence to make and keep the Vessel seaworthy, properly man, equip, and supply the Vessel, and make all parts of the Vessel carrying goods fit and safe for their reception, carriage and preservation.

22.     Defendant, Ports America, as stevedores, had a duty to properly and carefully discharge, unload, handle, care for, and store the Goods at issue.

23.     Defendant, Ports America breached its duties.

25.     As a direct and proximate cause of Defendants' breaches of their duties, Plaintiff suffered damages in the amount of $37,429.33, which was not the result of any contributing acts, omissions, negligence or breach of contract on the part of Plaintiff or its insured.

26.     Plaintiff and its insured have performed and have complied with any and all conditions precedent to suit, including timely and proper notice, or any such conditions have been waived and/or excused.

WHEREFORE plaintiff demands judgment against Defendants jointly and severally in the amount of $37,429.33, plus prejudgment interest, costs, and such other and/or further relief as this Court deems just and proper.

Dated:  December 17, 2013

PETER W. FUDALI (FL Bar # 437859)
Law Offices of Peter W. Fudali, P.A.
20801 Biscayne Boulevard, Suite 307
Miami, Florida 33180
Telephone: 954-476-1770
Facsimile: 954-476-1577
Email: pfudali@fudalilaw.com
*Attorneys for Plaintiff*